STATE of Minnesota, Respondent,

v.

**Bryan Paul NESS, Appellant.**

**Nos. A12–0290, A12–0291.**

Supreme Court of Minnesota.

July 24, 2013.

---

`

Lori Swanson, Attorney General, David S. Voigt, Deputy Attorney General, Saint Paul, MN, Brian J. Melton, Clay County Attorney, Moorhead, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Saint Paul, MN, Mark D. Nyvold, Special Assistant State Public Defender, Fridley, MN, for appellant.

Elizabeth J. Richards, Beverly Balos, Saint Paul, MN, for amicus curiae Minnesota Coalition for Battered Women.

Rana Alexander, Minneapolis, MN, for amicus curiae Battered Women's Legal Advocacy Project; and Kristine Lizdas, Minneapolis, MN, for amicus curiae Battered Women's Justice Project.

Cort C. Holten, Jeffrey D. Bores, Chestnut Cambronne, P.A., Minneapolis, MN, for amicus curiae Minnesota Police and Peace Officers Association Legal Defense Fund.

## OPINION

PAGE, Justice.

This case involves two due process challenges to the face of Minn.Stat. § 629.75, subd. 1 (2012), which sets forth the process under which a domestic abuse no contact order may be issued to a defendant in a criminal proceeding. Pursuant to subdivision 1 of section 629.75, the district court issued domestic abuse no contact orders that prohibited appellant Bryan Paul Ness from contacting his wife. After Ness allegedly contacted his wife on multiple occasions, he was charged with two felony violations of Minn.Stat. § 629.75, subd. 2(d) (2012). Ness moved to dismiss both charges, arguing that, on its face, Minn. Stat. § 629.75, subd. 1, violates the Due Process Clauses of the United States Constitution and the Minnesota Constitution because it (1) fails to provide adequate notice and opportunity to be heard and (2) encourages arbitrary and discriminatory enforcement. Concluding that subdivision 1 of section 629.75 provides defendants "no process at all" and grants judges "unfettered discretion," the district court granted Ness's motions. The court of appeals reversed. Because Ness has failed to establish that, on its face, Minn.Stat. § 629.75, subd. 1, violates procedural due process in all of its applications, and because we conclude that the statute does

not encourage arbitrary and discriminatory enforcement, we affirm.

On January 26, 2011, Ness was arrested after he physically assaulted his wife, N.N. In a written complaint, the State charged Ness with one count of gross misdemeanor domestic assault in violation of Minn.Stat. § 609.2242, subd. 2 (2012), one count of fifth-degree assault in violation of Minn. Stat. § 609.224, subd. 2 (2012), and one count of child endangerment in violation of Minn.Stat. § 609.378, subd. 1(b) (2012). The complaint requested the following conditions of pretrial release: "$12,000.00 cash or bond, no use of alcohol or mood altering substances, no contact with N.N. or her children." At Ness's first-appearance hearing, the district court appointed a public defender to represent him.[1] The State served Ness with a Notice of Evidence and Identification Procedures and a trial witness list. The court set conditions of pretrial release, which included no use of alcohol, no contact with N.N., and a requirement that Ness make all future court appearances. The court also signed a domestic abuse no contact order that prohibited Ness from contacting N.N. or going to her residence. The domestic abuse no contact order notified Ness that "[c]ompliance with this Order is a condition of your release and is in addition to any other conditions of release that may be imposed. Your release status may be revoked if you violate any aspect of this Order."

On March 6, 2011, Ness contacted his wife in violation of the January domestic abuse no contact order. As a result, he was charged with one count of violating Minn.Stat. § 629.75, subd. 2(d)(1), which provides that a person is guilty of a felony for violating a domestic abuse no contact order "within ten years of the first of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency."[2] The complaint requested the following conditions of pretrial release: "$15,000 cash/bond, follow existing [domestic abuse no contact order], no consumption of alcohol or mood altering chemicals." The following day, Ness appeared before the district court for a first-appearance hearing on the March domestic-abuse-no-contact-order charge. The court appointed a public defender to represent Ness. The State served Ness with a Notice of Evidence and Identification Procedures and a trial witness list. The court set conditions of pretrial release, which included no use of alcohol and no contact with N.N. The court also signed a second domestic abuse no contact order, which included the same restrictions as the January domestic abuse no contact order. But on April 4, 2011, the court issued an order amending the March domestic abuse no contact order to allow telephone contact between Ness and N.N.

On November 23, 2011, Ness had in-person contact with his wife in violation of the amended March domestic abuse no contact order. Five days later, on November 28, 2011, the State charged Ness with one felony count of violating the amended March domestic abuse no contact order, Minn.Stat. § 629.75, subd. 2(d)(1), and one count of obstructing legal process in violation of Minn.Stat. § 609.50, subd. 1(2) (2012). The complaint requested the following conditions of pretrial release: "$50,000 cash/bond, follow the existing [domestic abuse no contact order], no consumption of alcohol or mood altering

---

1. Our description of the pretrial proceedings is taken from information recorded in the Register of Actions.

2. Ness's two qualifying offenses were (1) a February 2011 conviction for gross misdemeanor domestic assault and (2) a 2009 conviction for fifth-degree assault.

chemicals." When Ness appeared before the district court for a first-appearance hearing on the November domestic-abuse-no-contact-order charge, the court appointed a public defender to represent him. The State served Ness with a Notice of Evidence and Identification Procedures and a trial witness list. The court set conditions of pretrial release, which included a requirement that he "follow any no contact orders." The court also signed another domestic abuse no contact order, which prohibited Ness from contacting N.N. or going to her residence.

Before trial on the March and November domestic-abuse-no-contact-order charges, Ness moved to dismiss, arguing that subdivision 1 of section 629.75 violated the Due Process Clauses of the United States Constitution and the Minnesota Constitution. Ness argued that, on its face, the statute fails to provide adequate notice and opportunity to be heard and encourages arbitrary and discriminatory enforcement. Ness also argued that the statute violated the Separation of Powers Clause of Article 3, Section 1, of the Minnesota Constitution. The district court granted Ness's motion, concluding that section 629.75 fails to provide adequate notice and opportunity to be heard and encourages arbitrary and discriminatory enforcement. The court emphasized that a domestic abuse no contact order is issued through a "pro forma" process that fails to provide a defendant adequate notice or a meaningful opportunity to be heard. The court further concluded that the statute encourages arbitrary and discriminatory enforcement because section 629.75 "com-pletely lack[s] standards [for] guiding and restricting the discretion of a district court when determining whether to issue a [domestic abuse no contact order]." The court did not address Ness's separation-of-powers argument.

The court of appeals reversed, holding that Minn.Stat. § 629.75 does not violate the Due Process Clauses of the United States Constitution and the Minnesota Constitution. *State v. Ness*, 819 N.W.2d 219, 230 (Minn.App.2012). The court held that, under the statute, a defendant receives adequate notice and an opportunity to be heard before an order is issued. *Id.* at 226–28. The court also held that section 629.75 was not so vague that it violated the state and federal due process clauses, emphasizing that a judge's discretion in issuing an order is limited to individuals who have been charged with an offense enumerated in subdivision 1 of section 629.75. *Id.* at 229.

We granted review on the due process challenges to the face of Minn.Stat. § 629.75, subd. 1. We now consider whether, on its face, the statute (1) always fails to provide adequate notice and opportunity to be heard or (2) encourages arbitrary and discriminatory enforcement.[3]

## I.

■■■■ We first consider Ness's claim that, on its face, Minn.Stat. § 629.75, subd. 1, fails to provide adequate notice and opportunity to be heard in all its applications. "The constitutionality of a statute is a question of law that we review de novo." *SooHoo v. Johnson*, 731 N.W.2d 815, 821

---

**3.** A threshold issue at the court of appeals was whether Ness could collaterally challenge the constitutionality of Minn.Stat. § 629.75, subd. 1, because there is no clear right to appeal the issuance of a pretrial domestic abuse no contact order. *Ness*, 819 N.W.2d at 222. The court held that he could. *Id.* at 224. The State has not challenged the court of appeals' determination that Ness could collaterally attack the statute. Because the question of whether a collateral attack of the statute is permissible has not been preserved for our review, we have no occasion to address that question in this opinion.

(Minn.2007). We exercise our power to declare laws unconstitutional "with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). "[We] will uphold a statute unless the challenging party demonstrates that it is unconstitutional beyond a reasonable doubt." *SooHoo*, 731 N.W.2d at 821.

As we recently noted in *McCaughtry v. City of Red Wing*, " 'in a facial challenge to constitutionality, the challenger bears the heavy burden of proving that the legislation is unconstitutional in all applications.' " 831 N.W.2d 518, 522 (Minn.2013) (quoting *Minn. Voters Alliance v. City of Minneapolis*, 766 N.W.2d 683, 696 (Minn.2009)); *see also United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (stating that a facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid"). Thus, "once a constitutional application is identified, it is inappropriate to speculate regarding other hypothetical circumstances that might arise." *Minn. Voters Alliance*, 766 N.W.2d at 694. We cannot, however, save a penal statute by imposing post facto limitations when no such restraints appear on the face of the statute. *State v. Newstrom*, 371 N.W.2d 525, 529 (Minn.1985).

Section 629.75, subdivision 1, includes three subparts. Subpart (a) provides that a domestic abuse no contact order may be issued to "a defendant in a criminal proceeding or a juvenile offender in a delinquency proceeding" for one of four domestic violence-related offenses: domestic abuse, harassment or stalking when committed against a family member, violation of an order for protection, or violation of a previously-issued domestic abuse no contact order. Minn.Stat. § 629.75, subd.

1(a). Thus, under subdivision 1(a), a domestic abuse no contact order may only be issued to a defendant whose proceeding involves at least one of the four statutorily-enumerated offenses. Subpart (b) provides, in relevant part, that

[a] domestic abuse no contact order may be issued as a pretrial order before final disposition of the underlying criminal case or as a postconviction probationary order. A domestic abuse no contact order is independent of any condition of pretrial release or probation imposed on the defendant. A domestic abuse no contact order may be issued in addition to a similar restriction imposed as a condition of pretrial release or probation.

Minn.Stat. § 629.75, subd. 1(b). Therefore, under subdivision 1(b), a domestic abuse no contact order may only be issued as a pretrial or postconviction probationary order. And while independent from any pretrial release or probation condition, the order may include conditions the same as or similar to pretrial release and probationary conditions imposed. Finally, subpart (c) requires a domestic abuse no contact order to "be issued in a proceeding that is separate from but held *immediately following* a proceeding in which any pretrial release or sentencing issues are decided." Minn.Stat. § 629.75, subd. 1(c) (emphasis added).

Ness argues that, on its face, Minn.Stat. § 629.75, subd. 1, violates the Due Process Clauses of the United States Constitution and the Minnesota Constitution because it fails to provide adequate notice and opportunity to be heard in all of its applications. *See McCaughtry*, 831 N.W.2d at 522. To succeed on his claim, Ness must show that, on its face, Minn.Stat. § 629.75, subd. 1(a)-(c), fails to provide adequate notice and opportunity to be heard every time a domestic abuse no contact order is issued.

We recently considered a Fourth Amendment challenge to the face of the City of Red Wing's rental property inspection ordinance on the ground that the ordinance authorized the issuance of administrative warrants without individualized suspicion. *See McCaughtry,* 831 N.W.2d at 522. In rejecting the facial challenge, we reasoned that, "although the ordinance does not *require* individualized suspicion," it expressly provided that "[n]othing in this Code shall limit or constrain the authority of the judicial officer to condition or limit the scope of the administrative warrant." *Id.* at 524 (alteration in original) (internal quotation marks omitted). For this reason, we held that the challenging parties had not met their burden of showing that the ordinance violated the Fourth Amendment in all of its applications because, on its face, the statute allowed a judge to require individualized suspicion in issuing an administrative warrant. *Id.* at 525.

■■■ Ness's procedural due process challenge to the face of Minn.Stat. § 629.75, subd. 1, fails for the same reason. Ness cannot show that the statute is unconstitutional in all of its applications because, on its face, the statute requires that the domestic-abuse-no-contact-order hearing be held *"immediately following* a proceeding in which any pretrial release or sentencing issues are decided." Minn. Stat. § 629.75, subd. 1(c) (emphasis added). The "immediately following" requirement ensures that a defendant receives the notice and opportunity to be heard afford-

ed by a pretrial-release hearing *before* a court imposes a domestic abuse no contact order. Minnesota Rule of Criminal Procedure 6.02 sets forth the process for imposing conditions of pretrial release, which include "restrictions on travel, association or residence during release." Moreover, the right to counsel attaches at a defendant's first appearance. *See Rothgery v. Gillespie Cnty., Tex.,* 554 U.S. 191, 199, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008). Ness concedes that hearings on conditions of pretrial release that comply with Minn. R.Crim. P. 6.02 "ensure the fairness and appropriateness of any liberty restriction imposed." We note that Minn. R.Crim. P. 27.03, subds. 1–4, also provide a defendant notice and an opportunity to be heard before a no contact provision is imposed at a sentencing hearing. Thus, on its face, the "immediately following" language of section 629.75, subdivision 1(c), ensures that a defendant will receive notice of the conditions to be imposed and an opportunity to challenge those conditions in a constitutionally sufficient proceeding immediately before the court imposes a domestic abuse no contact order. *See Memphis Light, Gas, & Water Div. v. Craft,* 436 U.S. 1, 14, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (explaining that the purpose of notice "is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing'"). We therefore reject Ness's claim that, on its face, section 629.75, subdivision 1, always fails to provide adequate notice and opportunity to be heard before a domestic abuse no contract order is issued.[4]

---

4. Having concluded that Minn.Stat. § 629.75, subd. 1, does not violate procedural due process when the domestic abuse no contact order is imposed immediately following a pretrial hearing that provides constitutionally sufficient notice and opportunity to be heard, we do not speculate regarding other hypothetical circumstances that might arise. *See Wash. State Grange v. Wash. State Republican*

*Party,* 552 U.S. 442, 450, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) ("Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of premature interpretation of statutes on the basis of factually barebones records." (citations omitted) (internal quotation marks omitted)). The issue of whether a particular defendant received sufficient notice is more appropriately resolved in

## II.

■ We now turn to Ness's claim that, on its face, Minn.Stat. § 629.75, subd. 1, encourages arbitrary and discriminatory enforcement and is therefore unconstitutionally vague under the Due Process Clauses of the United States Constitution and the Minnesota Constitution. *See Kolender v. Lawson*, 461 U.S. 352, 358, 361, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (explaining that impermissibly vague laws violate due process). We review Ness's vagueness claim de novo. *See SooHoo*, 731 N.W.2d at 821. A statute can be unconstitutionally vague for either of two independent reasons: "First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits"; and "[s]econd, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000); *see also FCC v. Fox Television Stations, Inc.*, —— U.S. ——, ——, 132 S.Ct. 2307, 2317, 183 L.Ed.2d 234 (2012); *City of Chicago v. Morales*, 527 U.S. 41, 60, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (striking down a law on vagueness grounds in part because the "broad sweep" of the law violated "the requirement that a legislature establish minimal guidelines to govern law enforcement" (internal quotation marks omitted)). These are analytically distinct bases upon which one may challenge a statute on vagueness grounds. *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir.1990).

Ness argues that the lack of standards within Minn.Stat. § 629.75, subd. 1(b) and (c), for judges to follow in deciding whether or not to issue a domestic abuse no contact order encourages judges to issue them in an arbitrary manner.[5] We have said that "[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *In re S.L.J.*, 263 N.W.2d 412, 417 (Minn.1978) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). Indeed, the Supreme Court has recognized that, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Grayned*, 408 U.S. at 108, 92 S.Ct. 2294.

In support of his argument, Ness contrasts Minn.Stat. § 629.75 with the statutes providing for harassment restraining orders (HROs) and orders for protection (OFPs), which both require a judge to find that there is probable cause to believe that the respondent had committed physical abuse against the victim before issuing the order. *See* Minn.Stat. § 609.748, subd. 5(b)(3) (2012) (providing that a court must have "reasonable grounds to believe that the respondent has engaged in harassment" to issue an HRO); *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (defining probable cause as a "reasonable ground for belief of guilt" (citation omitted) (internal quotation marks omitted)); *Vogt v. Vogt*, 455

an as-applied challenge in which we can assess the contours of due process against a fully-developed record.

**5.** Because Ness bases his vagueness claim on arbitrary and discriminatory enforcement, we will assume that his claim is a proper facial challenge and will proceed on the merits. *See* Andrew E. Goldsmith, *The Void–for–Vague-*

*ness Doctrine in the Supreme Court, Revisited*, 30 Am. J. Crim. L. 279, 311 (2003) ("[T]he arbitrary enforcement prong suggests facial review. If a statute allows or encourages arbitrary or discriminatory law enforcement, it will do so through its text and history. The facts of a particular defendant's case are irrelevant.").

N.W.2d 471, 474 (Minn.1990) (explaining that, "by issuance of the [OFP]," the court had "implicitly found ... probable cause of physical abuse"). Ness concedes that the findings required by the OFP and HRO statutes ensure that an adequate standard exists for determining whether to grant such orders. Asserting that, on its face, section 629.75 grants district courts broad discretion to issue a domestic abuse no contact order without any similar checks, Ness argues that the statute encourages arbitrary and discriminatory enforcement.

 Broad grants of discretion are common and are limited by the principle that all acts of "judicial discretion require[ ] 'conscientious judgment, not arbitrary action.' " *State v. Cottew*, 746 N.W.2d 632, 638 (Minn.2008) (quoting *Burns v. United States*, 287 U.S. 216, 222–23, 53 S.Ct. 154, 77 L.Ed. 266 (1932)). Thus, while Minn.Stat. § 629.75 does not explicitly list factors a judge should consider in determining whether to issue a domestic abuse no contact order, that fact alone does not render the statute unconstitutionally vague.

 More importantly, section 629.75, on its face, does limit a judge's discretion in issuing domestic abuse no contact orders. Under the terms of subdivision 1(a), a judge may only issue a domestic abuse no contact order to a limited class of individuals: those that have been either charged with or convicted of (1) domestic abuse, (2) harassment or stalking against a family or household member, (3) violation of an order for protection, or (4) violation of a previously issued domestic abuse no contact order. *See* Minn.Stat. § 629.75, subd. 1(a). Subdivision 1(b) sets additional restrictions on the issuance of a domestic abuse no contact order. An order may only be issued as a pretrial order or as a postconviction probationary order. Final-

ly, subdivision 1(c) places limits on when a domestic abuse no contact order may be issued. More specifically, a domestic abuse no contact order may only be issued "immediately following" a proceeding at which pretrial release or probationary sentencing issues are decided, thereby ensuring certain checks on the court's authority. Whenever a defendant has been arrested and not released on one of the four enumerated offenses, a court must "make a probable cause determination without unnecessary delay, and in any event within 48 hours from the time of the arrest." Minn. R.Crim. P. 4.03, subd. 1. Moreover, if the court sets conditions of release at a pretrial hearing, "it must issue a written order containing them" and "[a] copy of the order must be provided to the defendant and to the law enforcement agency that has or had custody." Minn. R.Crim. P. 6.02, subd. 1. In setting release conditions at a pretrial hearing, the court must consider a number of circumstances, including the safety of the victim or any other person. Minn. R.Crim. P. 6.02, subd. 2.

Thus, by requiring that the domestic-abuse-no-contact-order hearing be held "immediately following" a proceeding in which any pretrial release issues are decided, Minn.Stat. § 629.75, subd. 1, ensures that a court's authority to issue a domestic abuse no contact order is limited to cases in which (1) the court has made a preliminary finding that there is probable cause to believe that the defendant has committed one of the enumerated offenses, (2) the court has considered whether a no contact order is necessary for the safety of the victim or other persons, and (3) the court has issued a written order setting forth the conditions of release. With respect to probationary orders, the standard is even higher: the defendant will necessarily have been found guilty of one of the

enumerated offenses by proof beyond a reasonable doubt. Therefore, we conclude that the standards limiting a judge's discretion in issuing a domestic abuse no contact order are at least the same as, if not greater than, the standards that must be satisfied in order for a judge to issue an OFP or HRO, which Ness effectively concedes are constitutionally sufficient. We therefore reject Ness's claim that, on its face, section 629.75, subdivision 1, encourages arbitrary and discriminatory enforcement.

In sum, Minn.Stat. § 629.75, subd. 1, on its face, requires that the domestic-abuse-no-contact-order hearing be held *"immediately following* a proceeding in which any pretrial release or sentencing issues are decided." (Emphasis added.) Because such hearings provide constitutionally sufficient notice and opportunity to be heard and incorporate sufficient checks on the district court's discretion in issuing a domestic abuse no contact order, we reject Ness's due process challenges to the face of Minn.Stat. § 629.75, subd. 1, and therefore affirm the court of appeals with respect to Ness's constitutional claims.

Affirmed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.