*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1279**

State of Minnesota,
Respondent,

vs.

Bryan John Rusco,
Appellant.

**Filed July 13, 2015
Affirmed
Peterson, Judge**

St. Louis County District Court
File No. 69VI-CR-13-470

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota; and

Leah A. Stauber, Assistant County Attorney, Virginia, Minnesota (for respondent)

Gordon C. Pineo, Deal & Pineo, P.A., Virginia, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges his conviction of third-degree driving while impaired (refusal to submit to chemical test), in violation of Minn. Stat. §§ 169A.20, subd. 2, .26,

subd. 1(b) (2012), arguing that Minnesota's test-refusal statute is unconstitutional. We affirm.

**FACTS**

When appellant Bryan John Rusco was stopped for speeding, a strong smell of alcohol came from his vehicle, and his eyes were red and glassy. After he performed field sobriety tests, and took a preliminary breath test (PBT), Rusco was arrested for driving while impaired. At the police station, a police officer read the Minnesota implied-consent advisory to Rusco. The advisory informed Rusco that Minnesota law required him to take a test to determine whether he was under the influence of alcohol, that refusing to take a test was a crime, and that he had the right to consult with an attorney before making his decision about testing. Rusco stated that he understood the implied-consent advisory and that he did not wish to consult with an attorney.

The officer asked Rusco whether he would take a breath test, and Rusco responded that he had already taken a breath test and that he would not take another test. The officer showed Rusco the breath-test machine in the police station and explained that Rusco was being asked to take a different test than the roadside PBT. Rusco continued to refuse to take a breath test.

Rusco was charged with third-degree driving while impaired (refusal to submit to chemical test). He moved for dismissal of the charge, arguing that the criminalization of a refusal to submit to a warrantless search is unconstitutional. When the district court denied the motion, Rusco waived his right to a jury trial and agreed to submit the issue of

2

his guilt to the district court based on stipulated facts. The district court found Rusco guilty of the charged offense, and this appeal follows.

**D E C I S I O N**

Under Minn. Stat. § 169A.20, subd. 2, "[i]t is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine." Rusco argues that the criminalization of a refusal to submit to a warrantless chemical test is unconstitutional. The constitutionality of a statute is a question of law that is reviewed de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). A court's power to declare a statute unconstitutional is exercised "with extreme caution and only when absolutely necessary," and a statute will be upheld "unless the challenging party demonstrates that it is unconstitutional beyond a reasonable doubt." *Id*. at 182 (quotations omitted).

The United States and Minnesota Constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. Taking a blood, breath, or urine sample is an intrusion on the expectation of privacy that constitutes a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). Generally, a search is unreasonable unless conducted pursuant to a warrant issued upon probable cause. *Id.* at 619, 109 S. Ct. at 1414. But there are established exceptions to the warrant requirement, one of which is a search incident to a lawful arrest. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009).

The Minnesota Supreme Court recently rejected a driver's argument that Minnesota's test-refusal statute, Minn. Stat. § 169A.20, subd. 2, violated the driver's

3

right to substantive due process because it criminalized the exercise of his Fourth Amendment right to refuse to submit to a warrantless search. *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), *petition for cert. filed*, No. 14-1470 (U.S. June 15, 2015). In *Bernard*, the supreme court held that a warrantless breath test of a driver arrested on suspicion of driving while impaired "would have been constitutional under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement." *Id*. at 772. The supreme court then found that when the test-refusal statute was applied to the arrested driver, no fundamental right was at issue because the driver did not have a fundamental right to refuse a constitutional search. *Id*. at 773. Because the test-refusal statute did not implicate a fundamental right, the supreme court used rational-basis review to assess the statute's constitutionality. *Id*. The supreme court concluded that "criminalizing the refusal to submit to a breath test relates to the State's ability to prosecute drunk drivers and keep Minnesota roads safe" and, therefore, held "that the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." *Id*. at 774.

Like the driver in *Bernard*, 859 N.W. 2d at 764-65, Rusco was lawfully arrested for driving while impaired, was read the implied-consent advisory, was offered a breath test, and refused to take the test. Under the analysis in *Bernard*, a warrantless breath test would have been constitutional as a search incident to arrest, Rusco did not have a fundamental right to refuse the constitutional search, and the criminalization of Rusco's

4

refusal to take the test did not violate his right to due process and was not unconstitutional.

**Affirmed.**