*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1387**

State of Minnesota,
Respondent,

vs.

Gary Lynn Lippy,
Appellant.

**Filed August 10, 2015
Affirmed
Reilly, Judge**

Anoka County District Court
File No. 02-CR-13-6265

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Jon C. Audette, Marcy S. Crain, Assistant County Attorneys, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Rodenberg, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his conviction of first-degree driving while impaired (DWI) for refusal to submit to a chemical test, arguing that the district court erred by denying his motion for dismissal of the charge because Minnesota's criminalization of chemical-test refusal is unconstitutional. Because appellant's argument was rejected by the supreme court in *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), we affirm.

## FACTS

In September 2013, Officer Robert Strub of the Lino Lakes Police Department was dispatched to investigate a report of a suspicious vehicle in a parking lot. When Officer Strub approached the vehicle, he discovered appellant Gary Lynn Lippy asleep in the vehicle's driver's seat. Officer Strub was able to awaken and speak with Lippy. After Lippy displayed indicia of intoxication, confirmed that he had been drinking, performed field sobriety testing, and took a preliminary breath test which indicated a .303 alcohol concentration, Officer Strub arrested him for DWI. At the police station, Officer Strub read Lippy Minnesota's implied-consent advisory. Lippy stated that he understood the advisory and did not wish to speak with an attorney. He then refused to submit to a breath test.

Lippy was subsequently charged with first-degree DWI for his refusal to submit to a chemical test. He moved for dismissal of the charge, arguing that the criminalization of refusal to submit to a warrantless search is unconstitutional. When the district court denied the motion, Lippy waived his right to a contested trial, agreed that the pretrial

ruling was dispositive of the case, and stipulated to the presentation of the prosecution's evidence to the district court, in accordance with Minn. R. Crim. P. 26.01, subd. 4. The district court found Lippy guilty of the charged offense, and this appeal follows.

## D E C I S I O N

Under Minn. Stat. § 169A.20, subd. 2 (2012), "[i]t is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine." Lippy contends that the criminalization of refusal to submit to a warrantless chemical test is unconstitutional. The constitutionality of a statute is a question of law, which is reviewed de novo. *State v. Ness*, 834 N.W.2d 177, 181-82 (Minn. 2013).

The United States and Minnesota Constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. The taking of a blood, breath, or urine sample is a physical intrusion that constitutes a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). A search is generally unreasonable unless conducted pursuant to a warrant issued upon probable cause. *Id.* at 619, 109 S. Ct. at 1414. But there are established exceptions to the warrant requirement, one of which is a search incident to a lawful arrest. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009).

In *Bernard*, the Minnesota Supreme Court determined that "a warrantless breath test does not violate the Fourth Amendment because it falls under the search-incident-to-a-valid-arrest exception." 859 N.W.2d at 766-67 (reasoning that the exception allows the police "to conduct a full search of the person who has been lawfully arrested" (quotation omitted)). Responding to the defendant's contention that Minnesota's criminalization of

test refusal violates the right to substantive due process under the United States and Minnesota Constitutions, the supreme court stated that there is no fundamental right to refuse a constitutional search. *Id.* at 773. The supreme court therefore applied rational-basis review to the defendant's due-process challenge, explaining that the test-refusal statute would be upheld if it is not arbitrary or capricious and is a reasonable means to a permissive government objective. *Id.* The supreme court determined that Minnesota has a "compelling" public-safety interest in keeping impaired drivers off of roadways, that securing chemical tests to determine alcohol concentration is "reasonably related" to that interest, and that criminalizing test refusal to encourage submission to chemical tests also furthers that interest. *Id.* at 773-74 (quotation omitted). The supreme court concluded that "the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review" and is therefore constitutional. *Id.* at 774.

As in *Bernard*, Lippy was lawfully arrested for DWI, was read the implied-consent advisory, was offered a breath test, and refused to take the test. Under the principles announced in *Bernard*, a warrantless breath test is constitutional as a search incident to arrest, and the criminalization of Lippy's refusal to take the test does not violate the right to substantive due process and is not unconstitutional.

**Affirmed.**

4