*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0653**

State of Minnesota,
Respondent,

vs.

Letrell Pierre Brewer,
Appellant.

**Filed March 21, 2016
Affirmed
Larkin, Judge**

Olmsted County District Court
File No. 55-CR-14-1357

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of violating a domestic abuse no contact order (DANCO), arguing that the underlying DANCO was invalid because it was not issued in a proceeding that was separate from the proceeding in which pretrial-release issues were decided. We affirm.

## FACTS

Appellant Letrell Pierre Brewer appeared in Olmsted County District Court on charges of making terroristic threats and domestic assault. After hearing bail arguments from the parties, the district court set bail, established conditions of release, and issued a DANCO as follows:

> THE COURT: On the felony file, the amount requested is reasonable in the light of the matters, public safety, and the severity level of the offense. $50,000 unconditional; $25,000 conditional. Here's your conditions: No contact, none whatsoever; don't text her, don't tweet her, don't Facebook her, don't send messages, don't send flowers, don't send anything.
> THE DEFENDANT: No problem.
> THE COURT: Do not send messages through your children. How old are your children?
> THE DEFENDANT: Six and four.
> THE COURT: Yeah. Don't use them as a conduit.
> THE DEFENDANT: No problem.
> THE COURT: Don't send messages through your children. And a DANCO is going to issue. So it doesn't matter how you bond out. If you do end up bonding or even if you have a motion where it changes this, the DANCO remains in place, which is a separate court order that says no contact, okay?
> THE DEFENDANT: And how long is that?
> THE COURT: That will be in place until you can convince a judge it would be a good idea to get rid of it.

THE DEFENDANT: Okay.

THE COURT: Okay. And that will be—and it is no contact with S.E.S. It does not name the children.

THE DEFENDANT: Okay.

THE COURT: Okay. So . . . as [to] other conditions of release . . . .

Later, respondent State of Minnesota charged Brewer with violating the DANCO, alleging that he was living with S.E.S. in a Rochester hotel. Brewer moved to dismiss the charge on the ground that he "was not afforded adequate notice and opportunity for a hearing regarding the issuance of the [DANCO] . . . pursuant to Minnesota Statute section 629.75." Brewer argued, among other things, that "the issuance of the DANCO occurred as a part of the Rule 5 hearing, rather than at a separate hearing that would afford [him] adequate notice and opportunity to respond to the state's request, thus giving rise to the risk that [he] would confuse the issuance of the DANCO with the condition of release that he not contact the victim."

The district court found that the DANCO was not issued in a separate hearing but nonetheless concluded that the hearing at which the DANCO was issued was adequate, and that the issuing judge "plainly understood and explained that [the issuance of the DANCO] was a separate matter." The district court stated that the issuing judge merely failed to say the "magic words" announcing that the conditional-release hearing was over and a separate DANCO hearing was immediately commencing. The district court reasoned that it would elevate form over substance to invalidate the DANCO under those circumstances and therefore denied Brewer's motion.

3

Brewer stipulated to the state's case under Minnesota Rule of Criminal Procedure 26.01, subdivision 4, to obtain appellate review of the district court's order denying his motion to dismiss. The district court found Brewer guilty and sentenced him to serve 26 months in prison.[1] Brewer appeals.

## DECISION

Brewer argues that this court "must reverse [his] conviction because the no contact order was not issued in accord with Minnesota's DANCO statute." Minnesota's DANCO statute provides that "[a] no contact order under this section shall be issued in a proceeding that is separate from but held immediately following a proceeding in which any pretrial release or sentencing issues are decided." Minn. Stat. § 629.75, subd. 1(c) (2012). Because the DANCO in this case was not issued in a separate proceeding, Brewer argues that the DANCO is invalid.[2] Brewer further argues that because he did not violate a valid DANCO, his conviction must be vacated.

Brewer's argument raises an issue of statutory interpretation. "The objective of statutory interpretation is to ascertain and effectuate the Legislature's intent. If the Legislature's intent is clear from the statute's plain and unambiguous language, then [a court] interpret[s] the statute according to its plain meaning without resorting to the canons of statutory construction." *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013) (citation omitted). An appellate court reviews statutory-interpretation issues de novo. *Id.*

---

[1] The sentence was concurrent to 23- and 33-month executed prison terms that the district court imposed for other convictions.

[2] Because the state does not argue that the DANCO was issued in a "separate proceeding," there is no occasion to address the meaning of that term.

4

Minnesota's DANCO statute unambiguously states that a DANCO shall be issued in a proceeding separate from the proceeding in which pretrial-release issues are decided. But the statute does not state that a DANCO is invalid if it was not issued in a separate proceeding. *See* Minn. Stat. § 629.75 (2012 & Supp. 2013). Nor does the statute provide a remedy for violation of the separate-proceeding requirement. *See id.* This court cannot add a remedy to the statute. *See Wallace v. Comm'r of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971) (stating the "well-established" rule "that courts cannot supply that which the legislature purposely omits or inadvertently overlooks").

Brewer relies on the plain language of the statute, focusing on the word "shall." He argues that the word "shall" mandates a separate proceeding and reasons that because "the order did not comply with the DANCO statute . . . the order issued was not a valid DANCO" and his conviction must be reversed. But a statutory requirement is "essentially directory and not mandatory" when the statute "provides no consequences for a court's failure" to comply with the requirement. *State v. Andow*, 372 N.W.2d 747, 749 (Minn. App. 1985) (concluding that dismissal of criminal charges for depriving another of custodial rights was not mandated based on noncompliance with a statute that provided, "Every court order and judgment and decree concerning custody of or visitation with a minor child shall restate the provisions of section 609.26"), *rev'd on other grounds*, 386 N.W.2d 230 (Minn. 1986).

Nonetheless, there is a potential remedy for violation of the separate-proceeding requirement. The Minnesota Supreme Court has suggested that procedural-due-process requirements may provide a basis for relief on a case-by-case basis. In *State v. Ness*, the

supreme court rejected a claim that the DANCO statute fails to provide adequate notice and opportunity to be heard in all of its applications and is therefore facially invalid under the Due Process Clauses of the United States and Minnesota Constitutions. 834 N.W.2d 177, 182-83 (Minn. 2013). The supreme court reasoned that the "'immediately following' requirement ensures that a defendant receives the notice and opportunity to be heard afforded by a pretrial-release hearing *before* a court imposes a domestic abuse no contact order." *Id*. at 183. However, the supreme court recognized the possibility of an as-applied challenge to the DANCO statute, stating, "The issue of whether a particular defendant received sufficient notice is more appropriately resolved in an as-applied challenge in which we can assess the contours of due process against a fully-developed record." *Id*. at 183 n.4.

Brewer did not raise an as-applied procedural-due-process challenge in his principal brief. Although Brewer's reply brief suggests such a challenge, he expressly disavowed a request for relief on due-process grounds at oral argument, insisting that he is not asserting a due-process violation. Because Brewer does not request constitutional relief based on procedural-due-process requirements and because the DANCO statute does not provide a remedy for violation of its separate-proceeding requirement, there is no basis for this court to grant relief.

**Affirmed.**