*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2077**

James David Clark, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed July 18, 2016
Affirmed
Klaphake, Judge***

Mahnomen County District Court
File No. 44-CV-15-281

Rich Kenly, Backus, Minnesota (for appellant)

Lori Swanson, Attorney General, Amy Tripp-Steiner, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant James Clark appeals the district court's order sustaining the revocation of his driver's license for refusing to submit to a breath test. Clark argues that the implied-consent law is unconstitutional because it violates his right to due process by penalizing the refusal of warrantless searches and because it runs afoul of the unconstitutional-conditions doctrine. Because we are bound by precedent, which holds that the implied-consent law is constitutional, we affirm.

## DECISION

Clark challenges the constitutionality of Minnesota's implied-consent law. We review questions of law, including constitutional challenges, de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). Minnesota statutes are presumed constitutional, and a reviewing court will declare a statute unconstitutional "only when absolutely necessary." *State v. Melde*, 725 N.W.2d 99, 102 (Minn. 2006) (quotation omitted). "The party challenging the constitutionality of a statute bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012) (quotation omitted). The implied-consent law provides that an officer may request that a driver submit to a breath test if the officer has "probable cause to believe the person was driving, operating, or in physical control of a motor vehicle" while impaired. Minn. Stat. § 169A.51, subd. 1(b) (2014). If a test is refused, "then a test must not be given." Minn. Stat. § 169A.52, subd. 1 (2014). A consequence of a lawfully

arrested person's refusal to submit to a chemical test is the temporary revocation of the person's driver's license by the commissioner of public safety. *Id.*, subd. 3(a) (2014).

Clark contends that the implied-consent law violates his right to due process because a breath test is a search that requires a warrant and he had a right to refuse a warrantless breath test. Clark's argument fails under the Minnesota Supreme Court's recently affirmed decision in *State v. Bernard. See* 859 N.W.2d 762 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, No. 14-1468, 2016 WL 3434398 (U.S. June 23, 2016). In *Bernard*, the appellant argued that the test-refusal statute violated his right to due process by "criminalizing his refusal to consent to an unconstitutional search." *Id.* at 764. The supreme court reasoned that, because a warrantless test of the appellant's breath would have been constitutional under the search-incident-to-arrest exception, there was "no fundamental right at issue." *Id.* at 766-67, 773. *Bernard* held "that the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." *Id.* at 774.

Clark's final claim is that the implied-consent law violates the unconstitutional-conditions doctrine. We previously considered and rejected the same argument in *Stevens v. Comm'r of Pub. Safety. See* 850 N.W.2d 717, 731 (Minn. App. 2014). There, we observed that the supreme court articulated the unconstitutional-conditions doctrine as follows:

> As a general rule, the state, having power to deny a privilege altogether, may grant it upon such conditions as it sees fit to impose. But the power of the state in that respect is not unlimited, and one of the limitations is that it may not impose

3

conditions which require the relinquishment of constitutional rights.

*Id.* at 723 (quotation omitted). We held that the "implied-consent statute does not violate the unconstitutional-conditions doctrine by authorizing the commissioner of public safety to revoke the driver's license of a person who has been arrested for DWI and has refused to submit to chemical testing." *Id.* at 731. We reasoned that it is unlikely that the unconstitutional-conditions doctrine is applicable in the context of the Fourth Amendment and that, even if the doctrine was applicable, the implied-consent law is not "sufficiently coercive" to run afoul of the unconstitutional-conditions doctrine. *Id.* at 724-25, 730.

The district court did not err when it denied Clark's petition to rescind the revocation of his driver's license.

**Affirmed.**