*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1968**

State of Minnesota,
Respondent,

vs.

Wallace Alery Christopher Obey,
Appellant.

**Filed November 14, 2016
Affirmed
Bjorkman, Judge**

Polk County District Court
File No. 60-CR-15-892

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Rachel C. Prudhomme, Assistant City Attorney, Galstad, Jensen & McCann, PA, East Grand Forks, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his conviction for refusing a breath test, arguing that Minnesota's criminal test-refusal statute is unconstitutional. We affirm.

**FACTS**

On May 31, 2015, East Grand Forks police officer Eric Burman responded to a call concerning "a possible drug transaction" taking place in a car in East Grand Forks. Officer Burman located a parked vehicle with appellant Wallace Alery Christopher Obey in the driver's seat. Officer Burman observed that Obey's eyes were bloodshot and watery, and that he smelled of alcohol. Obey admitted he had been drinking earlier in the day, and he failed the horizontal gaze nystagmus test. Officer Burman arrested Obey for driving while impaired (DWI), transported him to the East Grand Forks Police Department, and read him Minnesota's Implied Consent Advisory. Obey declined the offer to consult an attorney and refused to submit to a breath test.

Respondent State of Minnesota charged Obey with refusal to take a chemical test in violation of Minn. Stat. § 169A.20, subd. 2 (2014) and third-degree DWI.[1] The jury found Obey guilty of test refusal but acquitted him on the DWI charge. Obey appeals, arguing for the first time that the test-refusal statute is unconstitutional. While the appeal was pending, the United States Supreme Court decided *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), holding that a warrantless breath test is a valid search incident to a DWI arrest.

**D E C I S I O N**

The constitutionality of a statute is a question of law that we review de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). As a general rule, we do not consider

---

[1] Obey was also charged with driving after revocation of his driver's license and giving a peace officer a false name. The state dismissed the driving-after-revocation charge and Obey was found guilty of giving a peace officer a false name.

constitutional issues raised for the first time on appeal. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). But we may address such issues in the interests of justice when consideration would not work an unfair surprise on the other party. *State v. Williams*, 794 N.W.2d 867, 874 (Minn. 2011); *see also* Minn. R. Civ. App. P. 103.04 (stating that we may review "any other matter as the interests of justice may require").

Obey concedes that he did not challenge the constitutionality of the test-refusal statute in the district court, but urges us to review the issue in the interests of justice. He contends that the state is not disadvantaged because it has recently briefed this argument in other cases. We are not persuaded that the interests of justice favor review because Obey's arguments clearly fail on the merits.

Minn. Stat. § 169A.20, subd. 2 provides that "[i]t is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine[.]" Obey first argues that the statute's allowance of a warrantless breath test violates federal and state due-process guarantees. But our supreme court and, most recently, the United States Supreme Court have held that a warrantless breath test is constitutional under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. *State v. Bernard*, 859 N.W.2d 762, 772 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). A test of Obey's breath, therefore, did not require a warrant, and he had no constitutional right to refuse the test. *See Bernard*, 859 N.W.2d at 772-74.

Obey's next argument, that the statute violates the doctrine of unconstitutional conditions, fares no better. In *Stevens v. Comm'r of Pub. Safety*, we held that "Minnesota's implied-consent statute does not violate the unconstitutional-conditions doctrine by

3

authorizing the commissioner of public safety to revoke the driver's license of a person who has been arrested for DWI and has refused to submit to chemical testing." 850 N.W.2d 717, 731 (Minn. App. 2014). And in *State v. Bennett*, we rejected the precise argument Obey advances, holding that under *Bernard*, the warrantless breath test the defendant refused would have been a lawful search incident to arrest and therefore would not have been an unconstitutional search. 867 N.W.2d 539, 543 (Minn. App. 2015), *review denied* (Minn. Oct. 28, 2015).

In sum, Obey forfeited his constitutional challenge to the test-refusal statute by failing to raise it in the district court. And because the merits of his arguments clearly fail under federal and Minnesota jurisprudence, the interests of justice do not favor review by this court.

**Affirmed.**