*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0020**

Patrick Samuel Meszaros,
petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed August 24, 2015
Affirmed
Klaphake, Judge**[*]

Dakota County District Court
File No. 19-K6-07-000105

Cathryn Young Middlebrook, Chief Appellate Public Defender, Carol A. Comp, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Amy A. Schaffer, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Chutich, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Patrick Meszaros pleaded guilty to fifth-degree possession of a controlled substance in February 2007, after testing conducted by the St. Paul Police Department Crime Laboratory (SPPDCL) confirmed that he possessed a bag containing trace amounts of methamphetamine. Seven years later, appellant petitioned for postconviction relief based on evidence of "faulty testing policies, practices, and procedures" at the SPPDCL that were made public in 2012. The postconviction court summarily denied appellant's petition without a hearing, and he appealed. Because the record conclusively shows that appellant was not entitled to relief, we affirm.

## DECISION

We review the district court's denial of a postconviction petition without a hearing for an abuse of discretion. *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013). Appellant has the burden to prove the facts alleged in his postconviction petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2014). "To meet that burden, a petitioner's allegations must be supported by more than mere argumentative assertions that lack factual support." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). A postconviction court may summarily deny a petition for relief without an evidentiary hearing if the record conclusively shows that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014).

Generally, a postconviction petition must be filed within two years after the entry of judgment of conviction or sentence, if no direct appeal is filed, or after an appellate

2

court's final disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4 (2014). But the postconviction limitations period does not apply if, among other things, the petitioner alleges the existence of newly discovered evidence or establishes that the petition is not frivolous and is in the interests of justice. *Id.* Under those circumstances, a postconviction petition must be filed "within two years of the date the claim arises." *Id.*

Appellant presented five arguments to the district court alleging that he was entitled to postconviction relief. None of these arguments warrants relief.

### *Newly Discovered Evidence*

A petitioner is entitled to postconviction relief based on newly discovered evidence if he proves

> that the evidence (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012). "All five criteria must be satisfied to obtain relief." *Id.*

The postconviction court reasoned that "[appellant's] attorney could have discovered the problems by seeking documents regarding the lab's procedures and protocols for testing controlled substances" and that this evidence "was discoverable with due diligence." This court recently addressed the same issue and concluded that the petitioner failed to show that he could not have discovered the issues with SPPDCL's

testing with due diligence. *Roberts v. State*, 856 N.W.2d 287, 291 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). This court stated:

> [Appellant] does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so. Instead, he merely asserts that the deficiencies in the crime lab's procedures could not have been discovered with due diligence because no one had reason to suspect problems at the crime lab. That assertion is belied by [appellant's] postconviction submissions, which show that the defendant in the 2012 Dakota County case discovered the deficiencies.

*Id.* Similarly, the record here does not show that appellant made any effort to investigate or question the SPPDCL's test results, indicating a failure to exercise due diligence.

Appellant's petition also failed to establish the fourth and fifth required elements. He does not allege contamination of his own testing sample, but rather seeks to impeach the results generally. And the SPPDCL deficiencies do not prove by clear and convincing evidence that appellant is innocent. *See id.* at 292 ("Actual innocence is more than uncertainty about guilt. Instead, establishing actual innocence requires evidence that renders it more likely than not that no reasonable jury would convict") (quotation omitted). The district court therefore did not abuse its discretion when it determined that the newly-discovered-evidence exception did not apply.

***Brady Violation***

Appellant next argues that the state's failure to disclose the SPPDCL's testing deficiencies before trial was a violation of its obligation to disclose exculpatory or impeaching evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). To receive a new trial for a *Brady* violation, a petitioner must establish that (1) the evidence

was favorable to him as exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material, resulting in prejudice to the petitioner. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010). The state's suppression of evidence results in prejudice if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quotation omitted).

Although the SPPDCL evidence has impeachment value, the postconviction court correctly concluded that appellant did not allege any facts indicating that the state knew of these deficiencies at the time of appellant's plea. Nor did he allege facts demonstrating that evidence of the testing deficiencies, if admitted, would have changed the result of the proceeding. Appellant therefore did not fulfill the second or third prongs, which are required to grant a new trial for a *Brady* violation. The district court did not abuse its discretion in rejecting this argument.

*Due Process Violation*

Appellant argues that he is entitled to withdraw his guilty plea because the state violated his right to due process by using unreliable scientific evidence from the SPPDCL. "This court reviews the procedural due process afforded a party de novo." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 304 (Minn. App. 2007). "To determine whether an individual's right to procedural due process has been violated, a reviewing court must first determine whether a protected liberty or property interest is implicated and then determine what process is due by applying a balancing test." *State v. Ness*, 819 N.W.2d 219, 225 (Minn. App. 2012), *aff'd*, 834 N.W.2d 177 (Minn. 2013).

Appellant relies on *State v. Schwartz*, 447 N.W.2d 422 (Minn. 1989), which addressed due process concerns regarding the reliability of DNA testing and its use at trial. 447 N.W.2d at 427. The supreme court stated:

> [T]he fair trial and due process rights are implicated when data relied upon by a laboratory in performing tests are not available to the opposing party for review and cross examination. Under our broad discovery rules, defense counsel has the right to inspect and reproduce any results or reports of physical or mental examinations, scientific tests, experiments or comparisons made in connection with the particular case.

*Id.* at 427 (quotation omitted). Therefore, test data and methodology must be available for independent review by the opposing party to fulfill that party's due process rights. *Id.*

Appellant never requested the SPPDCL's test results, details of its testing procedures, or permission to cross-examine any SPPDCL employees. He did not seek independent testing and does not allege that he was deprived of an opportunity to do so. He therefore was not denied due process under *Schwartz*. And he has no other claim that he was denied a fair trial. He waived his right to that trial—in addition to his rights to cross-examine witnesses and to impeach the state's evidence against him—when he pleaded guilty in exchange for the dismissal of one of his charges. *See State v. Jeffries*, 806 N.W.2d 56, 64 (Minn. 2011) (stating that a guilty plea by a counseled defendant acts as a waiver of all non-jurisdictional defects arising prior to entry of a plea).

## Manifest Injustice

A court must allow a defendant to withdraw his guilty plea when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice

occurs if a guilty plea is not valid, because it is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Appellant argues that his guilty plea was not made accurately, voluntarily, or intelligently as a result of the SPPDCL's testing deficiencies and thus the district court abused its discretion by not allowing him to withdraw his plea.

A plea is accurate when a proper factual basis supports the conclusion that appellant is guilty. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A plea is intelligent if a defendant understands "the charges against him, the rights he [was] waiving, and the consequences of his plea." *Id*. at 96. A plea is voluntary if the defendant's will was not overborne at the time he pleaded guilty in response to improper pressures or promises. *State v. Farnsworth*, 738 N.W.2d 364, 373 (Minn. 2007). Appellant has presented no credible basis for establishing that his plea was not intelligent or voluntary; on this record, he understood the charges, the rights he waived, and the consequences of pleading guilty, and he was not subjected to improper pressure or inducements.

As to accuracy, appellant admitted under oath that he possessed methamphetamine; he knew he possessed methamphetamine; and the methamphetamine was his. Appellant does not now contend that the substance he possessed was *not* methamphetamine, nor does he contend that his particular testing sample was affected by the testing deficiencies. This factual basis is sufficient for an accurate plea.

In *Roberts*, this court stated, "We recognize that the information regarding the crime lab could have influenced Robert's decision to waive his right to a trial and plead

guilty. But it is not fundamentally unfair to hold Roberts accountable for his choice to accept the state's scientific evidence at face value . . . ." *Roberts*, 856 N.W.2d at 293. Appellant's plea was accurate, voluntary, and intelligent, and the district court did not abuse its discretion by denying his request to withdraw it.

*Ineffective Assistance of Counsel*

Appellant argues that his postconviction petition should be granted in the interests of justice because his trial counsel provided ineffective assistance by failing to investigate SPPDCL's testing procedures and protocols. To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate "(1) that his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quotations omitted). "The extent of counsel's investigation is considered a part of trial strategy," which this court generally does not review. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).

The district court concluded that "[appellant's] counsel's performance did not fall below the range of reasonable professional assistance" because when appellant pled guilty no other attorney had questioned or thought to investigate the SPPDCL's practices. The court further reasoned that because appellant never alleged that the substance was *not* methamphetamine, his attorney's strategy to not investigate the test results was reasonable. The district court did not abuse its discretion by rejecting appellant's ineffective assistance of counsel claim.

Because appellant failed to allege any facts in his postconviction petition to support his argumentative assertions, the district court did not abuse its discretion by denying his petition. Nor did the court abuse its discretion by deciding not to hold an evidentiary hearing because the "petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1. We affirm the postconviction court's denial of appellant's petition.

**Affirmed.**