*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0232**


Sara Elaine Katra, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed September 8, 2015
Affirmed
Bjorkman, Judge**


Dakota County District Court
File No. 19-KX-06-002834

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney,
Hastings, Minnesota (for respondent)

        Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the summary denial of her petition for postconviction relief, arguing that she should be permitted to withdraw her 2009 guilty plea based on newly discovered evidence, a *Brady* violation, due-process violations, manifest injustice, and ineffective assistance of counsel. We affirm.

## FACTS

On September 12, 2006, Officer Knutson of the Faribault Police Department observed appellant Sara Elaine Katra enter a courtroom in the Dakota County Law Enforcement Center. Officer Knutson knew that Katra had an active warrant, and apprehended her. A search of Katra and her purse revealed two pipes and "a clear, crystal-like substance." An agent with the Dakota County Drug Task Force tested the substance and determined it was methamphetamine.

Respondent State of Minnesota charged Katra with fifth-degree controlled-substance crime, two counts of obstructing legal process, and one count of fleeing a peace officer. On July 7, 2009, Katra pleaded guilty to the controlled-substance offense in exchange for the dismissal of the other charges. Katra received a stay of imposition and was placed on probation for five years. In February 2014, the stay of imposition was vacated and the district court stayed a 13-month prison sentence. On July 16, the district court executed the prison sentence.

On July 19, Katra filed a petition for postconviction relief, seeking to withdraw her guilty plea based on the "faulty testing policies, practices, and procedures" at the

St. Paul Police Department Crime Laboratory (SPPDCL) that came to light in 2012. *See Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015) (discussing the discovery of systemic problems and subsequent audits of the SPPDCL). Katra argued that the two-year period for bringing her petition does not bar her claim because the newly-discovered-evidence and interests-of-justice exceptions apply. The district court denied Katra's petition, without an evidentiary hearing, because the petition was untimely. Katra appeals.

### D E C I S I O N

We review the denial of a petition for postconviction relief for an abuse of discretion. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). We will not reverse findings of fact unless they are clearly erroneous, but we review issues of law de novo. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

A person who asserts that her criminal conviction was obtained in violation of her constitutional rights may petition the district court for relief. Minn. Stat. § 590.01, subd. 1 (2014). Although petitioners are generally entitled to an evidentiary hearing, a district court may summarily deny a petition when "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). Petitions for postconviction relief must be filed within two years of "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a) (2014). A district court may hear a petition filed after the deadline only if the petitioner establishes that one of five statutory exceptions applies. *See id.*, subd. 4(b) (2014) (listing five exceptions).

Katra does not dispute the fact that she did not file her petition within two years of sentencing, but she asserts that the errors at the SPPDCL constitute newly discovered evidence. And she contends that the interests-of-justice exception to the two-year limitation period applies based on a *Brady* violation, due-process violations, manifest injustice, and ineffective assistance of counsel. We address each argument in turn.

## A. Newly Discovered Evidence

A petitioner is entitled to postconviction relief based on newly discovered evidence if she proves

> that the evidence (1) is newly discovered; (2) could not have been ascertained by the exercise of due diligence by the petitioner or the petitioner's attorney within the 2-year time-bar for filing a petition; (3) is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) establishes by the clear and convincing standard that petitioner is innocent of the offenses for which he was convicted.

*Riley*, 819 N.W.2d at 168. "All five criteria must be satisfied to obtain relief." *Id.*

Katra argues that the testing deficiencies at the SPPDCL constitute newly discovered evidence. We rejected this argument in *Roberts*, concluding that the newly-discovered-evidence exception did not apply because Roberts did not show that the testing deficiencies could not have been discovered by the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Roberts*, 856 N.W.2d at 290-92.

As in *Roberts*, Katra did not dispute the test results, makes no specific allegations concerning the testing done in her case, and expressly gave up her right to challenge the

4

state's evidence by pleading guilty. *See id.* at 293 (noting that by pleading guilty Roberts waived his right to challenge the state's evidence against him). And she has never claimed the substance found in her possession was anything but methamphetamine. Moreover, testing performed by the Dakota County Drug Task Force indicated that the "clear, crystal-like" substance was methamphetamine. On this record, we conclude that Katra has not demonstrated that she is innocent of the controlled-substance offense.

## B. Interests of Justice

Katra first argues that the state's failure to disclose the SPPDCL's testing deficiencies prior to trial was a violation of its obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). To warrant a new trial due to a *Brady* violation, a petitioner must establish that (1) the evidence was favorable to her as exculpatory or impeaching; (2) the evidence was suppressed by the prosecution, intentionally or otherwise; and (3) the evidence was material, resulting in prejudice to the petitioner. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010). The suppression of evidence is prejudicial if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quotation omitted).

The district court rejected Katra's argument based on the second factor, determining that "nothing in the record suggests that the evidence was suppressed in any manner by the prosecutor." We agree. Katra does not allege any facts indicating that the state knew of the problems at the SPPDCL at the time of her guilty plea. In fact, she argues that no one outside the lab knew about the problems until July 2012. And she

5

does not allege any facts that demonstrate that evidence regarding the testing procedures at the SPPDCL would have altered the outcome of the proceeding.

Katra next asserts that the interests-of-justice exception applies because the SPPDCL deficiencies violated her procedural due-process rights. Both the United States and Minnesota Constitutions require that an individual receive "adequate notice and an opportunity to be heard before being deprived of life, liberty, or property." *Christopher v. Windom Area Sch. Bd.*, 781 N.W.2d 904, 911 (Minn. App. 2010), *review denied* (Minn. June 29, 2010). When considering a procedural due-process claim, we "first determine whether a protected liberty or property interest is implicated and then determine what process is due by applying a balancing test." *State v. Ness*, 819 N.W.2d 219, 225 (Minn. App. 2012), *aff'd*, 834 N.W.2d 177 (Minn. 2013).

Katra relies on *State v. Schwartz*, 447 N.W.2d 422, 426 (Minn. 1989), to support her argument that the state's use of unreliable scientific testing methods affects a liberty interest that is subject to due-process protections. In *Schwartz*, the supreme court held that due-process rights are implicated when the state relies on DNA testing evidence and that "defense counsel has the right to inspect and reproduce any results or reports of . . . scientific tests, experiments or comparisons made in connection with the particular case." 447 N.W.2d at 427 (quotation omitted). We are not persuaded that the state's failure to provide the court with data from the SPPDCL violates her due-process rights. She does not allege any facts that suggest the testing data was unavailable to her. She did not seek independent review of the testing results and does not allege that she was denied the

6

opportunity to do so. Moreover, Katra waived her right to challenge the state's evidence against her when she pleaded guilty.

Katra's next interests-of-justice argument is premised on her right to withdraw her guilty plea at any time "to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Katra argues that her guilty plea was not accurate, voluntary, or intelligent. We are not persuaded.

To be accurate, a plea must have a proper factual basis. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Katra pleaded guilty to fifth-degree controlled-substance crime. *See* Minn. Stat. §§ 152.02, subd. 3(b) (establishing methamphetamine as a Schedule II controlled substance), .025, subd. 2(1) (stating a person is guilty of fifth-degree controlled-substance crime if she unlawfully possesses one or more mixtures containing a controlled substance) (2006). Katra's signed plea petition states that she was not making any claim that she was innocent, and she testified that the substance in her possession was methamphetamine. On this record, we conclude that the facts Katra acknowledged when entering her guilty plea meet the accuracy requirement.

The requirement that a plea be voluntary "ensures a defendant is not pleading guilty due to improper pressure or coercion." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010) (stating that "[w]hether a plea is voluntary is determined by considering all relevant circumstances"). The district court found that Katra's guilty plea was voluntary because "[n]othing in the record suggests that [Katra] was improperly coerced or threatened." The record supports this finding. Katra does not allege any facts suggesting

7

that she was subjected to improper pressure or coercion. Rather, she argues that the unreliable testing procedure itself was coercive. We are not persuaded. The SPPDCL's testing confirmed the Dakota County Drug Task Force's preliminary determination that the substance Katra possessed was methamphetamine. Katra has never disputed the test results and we discern no improper pressure or coercion in connection with Katra's guilty plea.

The intelligence requirement ensures that a defendant understands the charges against her, the rights she is waiving, and the consequences of her guilty plea. *Id.* Katra argues that because she did not know about the testing problems at the SPPDCL, she did not fully understand the scope of her right to challenge the evidence against her. This argument is unavailing. Katra's plea petition indicates that her attorney informed her of the rights she was waiving, including the right to an evidentiary hearing to challenge the evidence against her. Accordingly, we conclude that Katra understood the charges against her, the rights she was waiving, and the consequences of her guilty plea. Because the plea was accurate, voluntary, and intelligent, Katra is not entitled to postconviction relief based on manifest injustice.

Finally, Katra argues that the interests of justice warrant postconviction relief because her trial counsel was ineffective by failing to investigate the SPPDCL's testing procedures and protocols. To prevail on a claim of ineffective assistance of counsel, Katra must demonstrate "(1) that [her] counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001).

The district court rejected Katra's argument, concluding that Katra did not show that her counsel's performance was objectively deficient. We agree. As the district court noted, the customary practice at the time of Katra's plea (2009) did not include requesting the underlying file from the SPPDCL. And Katra never claimed that the substance was not methamphetamine. Under these circumstances, Katra cannot satisfy either prong of the *Strickland* test.

In sum, we discern no abuse of discretion by the district court in denying Katra's postconviction petition. She has not demonstrated that the newly-discovered-evidence or interests-of-justice exceptions apply to permit her otherwise untimely petition. And because the record conclusively shows that Katra is not entitled to relief, the district court did not abuse its discretion by denying her request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005) ("An evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits.").

**Affirmed.**