*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1211**


Jamel Daniel Hoard, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed April 25, 2016
Affirmed
Bjorkman, Judge**


Ramsey County District Court
File No. 62-K9-08-001049

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney,
St. Paul, Minnesota (for respondent)

        Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**BJORKMAN**, Judge

Appellant challenges the summary denial of his petition for postconviction relief, arguing that he is entitled to a new trial because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL).  We affirm.

**FACTS**

On October 25, 2007, officers with the St. Paul Police Department were investigating complaints of drug dealing near a store in the Frogtown neighborhood.  The officers observed three men loitering in front of the store.  As the officers approached them, appellant Jamel Daniel Hoard backed away, and an officer observed what he believed to be a bag of crack cocaine in Hoard's clenched hand.  Hoard then turned and ran into the store.  An officer pursued Hoard and managed to subdue him.  Hoard continued to resist as the officer attempted to handcuff him, and placed the bag in his mouth.  Additional officers arrived to help subdue Hoard, who had to be tased.  The officers then removed the bag from Hoard's mouth.  It contained 30 smaller knotted bags.  Testing by the SPPDCL indicated that each bag contained cocaine.  The total net weight was 7.14 grams.

Respondent State of Minnesota charged Hoard with one count of second-degree controlled-substance crime.  At his jury trial, Hoard did not dispute that the substance he possessed was cocaine.  Rather, he challenged its weight and the chain of custody.  The jury found Hoard guilty; this court affirmed his conviction.  *State v. Hoard*, No. A09-293 (Minn. App. Mar. 2, 2010), *review denied* (Minn. May 18, 2010).

2

On July 18, 2014, Hoard filed a petition for postconviction relief.  The petition alleged that Hoard was entitled to relief based on the "faulty testing policies, practices, and procedures" at the SPPDCL that came to light in 2012.  *See Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App. 2014) (discussing the discovery of systemic problems and subsequent audits of the SPPDCL), *review denied* (Minn. Jan. 28, 2015).  Hoard argued that the two-year period for bringing his petition did not bar his claim because the newly-discovered-evidence and interests-of-justice exceptions applied.  The district court summarily denied Hoard's petition as untimely.  Hoard appeals.

## D E C I S I O N

An individual who asserts that his criminal conviction was obtained in violation of his constitutional rights may file a petition for postconviction relief.  Minn. Stat. § 590.01, subd. 1 (2012).  Petitions must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."  *Id.*, subd. 4(a) (2012).  A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions.  *See id.*, subd. 4(b) (2012).  A petition that invokes one of the exceptions must be filed within two years of the date the claim arises.  *Id.*, subd. 4(c) (2012).

We review denial of a petition for postconviction relief for an abuse of discretion.  *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).  An abuse of discretion occurs when a postconviction court's decision is based on an erroneous view of the law or is against logic and the facts in the record.  *Id*.  We review legal issues de novo, but our review of

3

factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Hoard acknowledges that he filed his petition outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply. We address each argument in turn.

## I.     The newly-discovered-evidence exception has not been satisfied.

A court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts*, 856 N.W.2d at 290 (citing Minn. Stat. § 590.01, subd. 4(b)(2)). All five elements must be established to obtain relief. *Id.*

Hoard argues that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute newly discovered evidence. We rejected this argument in *Roberts*, holding that the newly-discovered-evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id*. at 291-92. Like Roberts, Hoard did not challenge the identity of the substance, nor did he ever claim the substance was not cocaine. Rather, his defense was based on the weight of the cocaine and problems with the chain of custody.

Hoard attempts to distinguish *Roberts*, arguing that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with specialized training to discover the testing deficiencies. But like Roberts, Hoard has failed to show that he made any attempt to investigate the test results or that anyone prevented him from doing so. *Id.* at 291. Moreover, Hoard has failed to show actual innocence by clear and convincing evidence. As in *Roberts*, there is non-scientific evidence of Hoard's guilt. *Id.* at 292. A testifying officer stated that the substance appeared to be cocaine, that Hoard attempted to flee after being ordered to stop, and that Hoard tried to swallow the bag as the officers subdued him. *See State v. Olhausen*, 681 N.W.2d 21, 28-29 (Minn. 2004) (stating that an officer's opinion is non-scientific evidence of the identity of the substance and flight suggests a consciousness of guilt).

Because Hoard failed to establish all five elements of the newly-discovered-evidence exception, we conclude the district court did not abuse its discretion by concluding that the exception does not apply.

## II. The interests-of-justice exception does not apply.

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Roberts*, 856 N.W.2d at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id.* Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs

5

to be addressed, and if relief is necessary to protect the integrity of judicial proceedings.[1]

*Id.*

Hoard argues that his petition has substantive merit based on a *Brady* violation, a due-process violation, and ineffective assistance of counsel. We address each in turn.

## A.    *Brady* Violation

The prosecution has an affirmative duty to disclose evidence that is favorable and material to the defense. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). To warrant a new trial due to a *Brady* violation, a petitioner must establish that (1) the evidence was favorable to him as exculpatory or impeaching; (2) the evidence was suppressed by the prosecution, intentionally or otherwise; and (3) the evidence was material, resulting in prejudice to the petitioner. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010). The suppression of evidence is prejudicial if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quotation omitted).

The state argues that Hoard failed to establish a *Brady* violation because nothing in the record supports the conclusion that any evidence was suppressed by the prosecution. We agree. Hoard does not allege any facts indicating that the prosecution knew of the problems at the SPPDCL at the time of his trial. In fact, he argues that no one outside of the lab knew about the problems until July 2012. Hoard has failed to show that a *Brady* violation occurred.

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

6

**B. Procedural Due Process**

Both the United States and Minnesota Constitutions require that an individual receive "adequate notice and an opportunity to be heard before being deprived of life, liberty, or property." *Christopher v. Windom Area Sch. Bd.*, 781 N.W.2d 904, 911 (Minn. App. 2010), *review denied* (Minn. June 29, 2010). When considering a procedural due-process claim, we "first determine whether a protected liberty or property interest is implicated and then determine what process is due by applying a balancing test." *State v. Ness*, 819 N.W.2d 219, 225 (Minn. App. 2012), *aff'd*, 834 N.W.2d 177 (Minn. 2013).

Hoard cites *State v. Schwartz*, 447 N.W.2d 422, 426 (Minn. 1989), to support his argument that the state's use of unreliable scientific testing methods implicate a liberty interest that is subject to due-process protections. In *Schwartz*, the supreme court held that when the state relies on DNA testing evidence "defense counsel has the right to inspect and reproduce any results or reports of . . . scientific tests, experiments or comparisons made in connection with the particular case." 447 N.W.2d at 427 (quotation omitted). Hoard has not claimed or presented any evidence that he was denied the opportunity to inspect and reproduce any of the reports regarding the scientific testing in his case. He did not challenge the test result indicating the substance was cocaine, and there is no evidence that he attempted to and was prevented from doing so. Hoard's procedural due-process rights were not violated.

7

## C.     Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Hoard must demonstrate "(1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)).  An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances.  *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001).  A trial counsel's performance is presumed to be reasonable. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

The district court rejected Hoard's argument, concluding that Hoard failed to provide any support for his claim.  We agree.  We do not review issues of trial strategy, and "[t]he extent of counsel's investigation is considered a part of trial strategy." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).  Moreover, there is nothing in the record to suggest that Hoard ever claimed the substance was not cocaine.  Hoard was arrested while the officers were investigating complaints of drug dealing, fled the scene after officers ordered him to stop, and attempted to swallow the substance, which had been divided into thirty bags.  Given this information, and in the absence of any assertion from Hoard that the substance was not cocaine, it was not unreasonable for Hoard's counsel to accept that the substance was cocaine and not challenge the test results.  Because Hoard

8

does not show how his attorney's representation fell below an objective standard of reasonableness, his ineffective-assistance-of-counsel claim fails.

In sum, we discern no abuse of discretion by the district court in denying Hoard's postconviction petition. He has not demonstrated that the newly-discovered-evidence or interests-of-justice exceptions apply to permit his otherwise untimely petition. And because the record conclusively shows that Hoard is not entitled to relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005) ("An evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits.").

**Affirmed.**